**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

TEXAS REGENERATIVE AND
INTEGRATIVE CENTERS OF HEALTH
PLLC,
  *Plaintiff*,

v.

WOUND CARE SPECIALISTS LLC d/b/a
RESKIN MEDICAL WOUND CARE and
BRECK HUGHES,
  *Defendants*.

CIVIL ACTION NO. H-4:24-cv-01570

**DEFENDANT WOUND CARE SPECIALISTS LLC D/B/A RESKIN MEDICAL WOUND
CARE'S CERTIFICATE OF SERVICE IN REMOVED ACTION**

On May 17, 2024, the undersigned served the Court Procedures' Cover sheet, attached

hereto as Exhibit A, on counsel for Plaintiff via the Court's CM/ECF electronic filing system.

Respectfully submitted,

*/s/ Clayton L. Falls*
Clayton L. Falls
*attorney-in-charge*
State Bar No. 24047546
SDTX Bar No. 866537
Clayton.falls@klgates.com
Benjamin L. Nabors
*of-counsel*
State Bar No. 24116805
SDTX Bar No. 3673140
ben.nabors@klgates.com
K&L GATES LLP
1717 Main Street, Suite 2800
Dallas, Texas 75201
(214) 939-5500
(214) 939-5849 (fax)

**ATTORNEY FOR DEFENDANT
WOUND CARE SPECIALISTS, LLC d/b/a
RESKIN MEDICAL WOUND CARE**

318760043.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 17, 2024, a true and correct copy of the foregoing document was served upon all known counsel of record via the Court's CM/ECF electronic filing system.

*/s/ Clayton L. Falls*

Clayton L. Falls

Exhibit A



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

### JUDGE KENNETH M. HOYT

### THE ATTACHED COVER PAGE MUST BE SERVED
### WITH THE SUMMONS AND COMPLAINT
### OR NOTICE OF REMOVAL

Presented are Court Procedures and attachments that are applicable to cases assigned to Judge Kenneth M. Hoyt.

The plaintiff must serve this cover page and the Order for Conference along with the summons and complaint on all defendants.

A party removing a case to this Court has the same obligation as a plaintiff filing an Original Complaint. Proof of service of these materials must be filed with the Clerk. A form certificate for use in removed cases is attached to these materials.

Additionally, the parties may, at their election, proceed with their case before a U.S. Magistrate Judge. A consent form and related instructions may be obtained on the District Court's website at www.txs.uscourts.gov.

The accompanying procedures are to be used in conjunction with the Local Rules for the Southern District of Texas and not as a substitute for them. The Local Rules as well as this Court's procedures may also be obtained at www.txs.uscourts.gov. The Court requires strict compliance with the Local Rules and its procedures.

*Revised: March 2013*

**THE HONORABLE KENNETH M. HOYT**
**UNITED STATES DISTRICT JUDGE**
United States Courthouse
Courtroom No. 11A
515 Rusk, 11th Floor, Room 11-144
Telephone:  (713) 250 - 5613
Facsimile:  (713) 250 - 5368

**CYNTHIA HORACE**
Case Manager for Judge Kenneth M. Hoyt
P. O. Box 61010
Houston, Texas 77208
Telephone:     (713) 250 - 5515
Email:          cynthia_horace@txs.uscourts.gov

## TABLE OF CONTENTS

Contact with Court Personnel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . I

Emergency Matters. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  II

Continuances . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . III

Appearances at Settings. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  IV

Pretrial Conferences. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  V

Motion Practice. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  VI

Briefs. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . VII

Trial Settings (Docket Control Orders/Docket Call/Continuances). . . . . . . . . . . . . . . . .  VIII

Required Pretrial Materials. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  IX

Courtroom Procedures. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  X

Settlements and Orders of Dismissal. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . XI

I. **CONTACT WITH COURT PERSONNEL**

   A.    All parties are expected to file documents through the District Court's Case Management/Electronic Case Filing ("CM/ECF") system. *See* S. D. Tex. Local R. 5.1 (as amended on Sept. 7, 2004) and Administrative Procedures for CM/ECF. Counsel is required to register to use the Court's CM/ECF system

   B.    **Case-related telephone and e-mail inquires should be made only to the Judge's Case Manager, Cynthia Horace, at (713) 250-5515 or cynthia_horace@txs.uscourts.gov.**

   C.    At the Court's direction, law clerks may contact counsel; however, they will not discuss matters beyond the subject matter of the call.

   D.    The caseload will not allow the Case Manager to respond to casual telephone inquires regarding motions and case status. Therefore, information regarding the filing of documents, entry of orders, or docket entries may be obtained by contacting the United States District Clerk's Office at (713) 250-5500, or online through PACER. Counsel should refrain from seeking information that may be obtained by reviewing the Docket Control Order, Local Rules or Federal Rules of Civil Procedure.

   E.    All correspondence regarding cases pending before Judge Hoyt must be addressed to:

   > **Cynthia Horace, Case Manager to Judge Kenneth M. Hoyt**
   > **United States District Clerk**
   > **P. O. Box 61010**
   > **Houston, TX  77208-1010**

   1.    **Do not** address substantive issues of law in letter form to the Court as they are not docketed or included in the appellate record.

   2.    Copies of urgent letters or briefs may be sent to Judge Hoyt's Chambers with a cover letter that specifies why the Court's prompt attention is required.

II. **EMERGENCY MATTERS**

   A.    Applications for restraining orders or for other immediate relief shall be filed electronically through the CM/ECF system and all related communications with the Court must be made by contacting the Case Manager. All applications of this type shall be presented to the Court by the Case Manager following counsel's affirmation that the opposing party has been contacted and that both parties are available for a conference before the Court, or an explanation of why such contact is not legally required. *Ex parte* applications for restraining orders will not be entertained by the Court unless the requirements of Fed. R. Civ. P. 65(b) are satisfied.

   B.    Motions to extend filing deadlines or "cut-off" dates are **not emergencies**.

## III.   CONTINUANCES

A.   Agreements, stipulations or joint motions for continuances among counsel are **NOT** binding on the Court and will be granted at the Court's discretion.

B.   The Court will attempt to accommodate vacation requests provided that they are submitted, by letter, to the Case Manager well in advance of the applicable court setting.

C.   Counsel are reminded that pursuant to The Civil Justice Reform Act of 1990, 28 U.S.C. § 473(b)(3), and the Cost and Delay Reduction Plan adopted by the Court on October 24, 1991, "all requests for extensions of deadlines for completion of discovery or for postponement of trial [must] be signed by the attorney and the party making the request."

## IV.   APPEARANCES AT SETTINGS

A.   Counsel is required to be punctual in attendance at all appearances before the Court.

B.   The attorney designated as "in charge" or an attorney familiar with the case **who has authority to make decisions binding on the party represented** must appear at all conferences, hearings, and at trial. Conferences and hearings are held in Courtroom 11A or by phone at the Court's discretion.

C.   Out-of-town counsel wishing to appear telephonically at a conference or hearing must submit a written request to the Case Manager well in advance of the applicable conference or hearing, with notice to the other counsel of record and any *pro se* parties. The Court will attempt to accommodate such requests.

D.   Counsel and/or *pro se* litigants shall notify the Case Manager of any matter before the Court that has been resolved **immediately in writing** or **by e-mail** at **cynthia_horace@txs.uscourts.gov**. Upon receipt of notice that a case has been settled, the Court may enter a conditional Order of Dismissal.

## V.   PRETRIAL CONFERENCES

A scheduling conference is set at the time the case is filed. Counsel may shorten the time frame by agreement. All scheduling conferences are conducted telephonically.

A.   Counsel shall prepare and file not less than 10 days before the conference, a joint discovery/case management plan for the conference containing the information called for on the attached form, as required by Rule 26(f).

B.   The Court will enter a scheduling order and may rule on any pending motions during the conference.

C.   **Counsel who file or remove an action must serve a copy of the Order for Conference with the summons and complaint or with the notice of removal**.

D.   Attendance or participation by an attorney who has authority to bind the party is required during the conference.

E.   Counsel should discuss with his/her client and opposing counsel whether alternative dispute resolution is appropriate and advise the Court of the results of their discussions.

## VI.   MOTION PRACTICE

The Court is of the opinion that most discovery disputes, especially those dealing with (1) scheduling, (2) the number, length, and form of oral and written questions, (3) the responsiveness of answers to oral and written questions, and (4) the mechanics of document production, including protective orders and the proper method for raising claims of privilege, can be resolved by counsel without the intervention of the Court.

In order to curtail undue delay in the administration of justice, the Court will not hear discovery motions unless moving counsel advises the Court, in a motion, that counsel have conferred in good faith but are unable to reach an agreement.  Counsel shall also include the date, time, and place of such conference and the names of all parties participating.  If counsel has been unable to confer because of the unavailability or unwillingness of opposing counsel, the motion  should set forth the attempts to confer.

A.   The Court follows the written motion practice outlined in the Local Rules.  Most motions will be ruled on without a hearing.  The Court will consider the motion and response after the submission date.  **Discovery motions are generally handled on an expedited basis.**

B.   The submission date may be extended by agreement of counsel except when the extension violates a court-imposed deadline.  Counsel are to notify the Case Manager, in writing, of an agreement and submit an appropriate order.

C.   Every non-dispositive motion must contain a certificate of conference and a proposed order granting the relief requested.  Failure to comply may result in the party's pleading being denied or stricken.

D.   All motions, except those filed pursuant to Fed. R. Civ. P. 56, must be accompanied by a separate proposed order granting or denying the relief requested.

E.   Requests for oral arguments are unnecessary.  The Case Manager will notify counsel should the Court determine that oral argument would be beneficial.

F.   The Court will not allow withdrawal of any attorney in charge without designation of substitute counsel.

## VII.   BRIEFS

A.   The Court requires concise, pertinent and well organized briefs and memoranda of law.  Without leave of Court, all briefs or memoranda are limited to 25 pages.   A moving party may file a brief or memorandum of law in reply to a respondent's brief. Without leave of the Court, a reply brief is limited to 15 pages.  However, without leave of the Court, no further briefs, including a sur-reply, may be filed.

B.    Additionally, all briefs and memoranda must contain items 5, 6, 8 and 9 from the list set forth below.  Any brief or memorandum that has more than 10 pages of argument must contain all of the following:

1.    A brief or memorandum of law must be on 81/2 by 11 inch paper. The text must be double-spaced, but quotations more than two lines long may be indented and single-spaced. Headings and footnotes may be single-spaced. Margins must be at least one inch on all four sides

2.    No brief or motion shall be filed with the Court with a font or typeface smaller than twelve (12) point type.  Footnotes may be in a font smaller than twelve (12) but not less than ten (10) point type.

3.    a table of contents setting forth the page number of each section, including all headings designated in the body of the brief or memorandum;

4.    a table of citations of cases, statutes, rules, textbooks and other authorities, alphabetically arranged;

5.    a short statement of the nature and stage of the proceeding;

6.    a statement of the issues to be ruled upon by the Court and, with respect to each issue, a short statement, supported by authority, of the standard of review;

7.    a short summary of the argument;

8.    headings succinctly setting forth separate sections of the argument; and

9.    a short conclusion stating the precise relief sought.

10.   The Court may disregard or strike a brief or memorandum that does not comply with this rule.

C.    Any brief, memorandum or motion that cites authorities not found in the United States Code, United States Supreme Court Reporter, Federal Reporter, Federal Rules Decisions, Federal Supplement, Southwestern Reporter Second or Third, or Vernon's Revised Statutes and Codes Annotated should have appended the relevant parts of such authorities (other than cases), and complete copies of cases.  Copies of any affidavits, deposition testimony, or other discovery referred to should also be contained in the appendix.  All appendices should contain a paginated table of contents and should be tabbed for easy location of the materials contained.

## VIII.   TRIAL SETTINGS

A.    **Docket Control Orders**:

1.    Docket control orders will be entered at the time of the scheduling conference.

2.    Counsel shall comply with the docket control order unless relieved from its terms by court order following motion and a showing of good cause.

3.    The Court maintains a "trailing docket" from which a case is subject to trial on short notice.  No new docket call date is set.

B. **Docket Call**:

    1.    The docket control order establishes the date and time for the call of the docket. Cases will be called in numerical sequence and tried as soon as possible without regard for subsequent dockets. Cases not reached become the "trailing docket."

    2.    Personal appearance by counsel is required at docket call unless arrangements are otherwise made for an announcement.

    3.    Where counsel have **NOT** been advised of a ruling on a motion for continuance, personal appearance is required at docket call.

    4.    Counsel shall refrain from contacting the Case Manager prior to docket call regarding placement of a case on the docket. Counsel should presume that they are the first case up for trial.

    5.    Counsel shall notify the Case Manager **by letter** of prior commitments (vacations paid in advance, preferential trial settings in other courts, etc.) immediately and/or in advance of docket call.

    6.    A trial will **NOT** be continued because of the unavailability of an expert or medical witness. Counsel are expected to anticipate such possibilities and prepare to present such testimony by deposition or stipulation.

## IX.    REQUIRED PRETRIAL MATERIALS

A. **Joint Pretrial Order**:

    1.    The Joint Pretrial Order is due 10 days prior to Docket Call. **Plaintiff's** counsel is responsible for insuring that a Joint Pretrial Order is **timely** prepared and a courtesy copy delivered to the Case Manager. A form Joint Pretrial Order is attached. The form Order may be modified as needed for a particular case.

    2.    No Joint Pretrial Order will be approved by this Court, unless it is signed by **ALL** parties.

B. **Other Required Documents**. Each party must also file the following documents. These documents will be in the captioned form, and signed by counsel.

    1.    For **Jury Trials**, each party must file:

        a.    Proposed questions for voir dire examination of the jury panel; and

        b.    Proposed jury charge, which includes all necessary instructions, definitions and special interrogatories, with authority. The instructions shall specifically include: (1) the *prima facie* elements of each cause of action and defense asserted: (2) legal definitions required by the jury; (3) items of damages; and (4) methods of calculation of damages. Customary prefatory instructions should be omitted. The parties shall submit the proposed jury charge electronically **and** by e-mail to the Case Manager, in Microsoft Word format.

2.    For **Non-Jury Trials**, each party must submit:

    a.    Proposed findings of fact, electronically and by e-mail, to the Case Manager in Microsoft Word format.  Counsel should include references to testimony and exhibits that support each proposed finding;

    b.    Proposed conclusions of law, electronically and by e-mail, to the Case Manager in Microsoft Word format.  Each proposed conclusion of law should contain citation to legal authority supporting the conclusions; and

    c.    Memorandum of law.

3.    For **All** Trial and Evidentiary hearings, each party must file:

    a.    Exhibit Lists;

    b.    Marked objections to opposing counsel's exhibits on opposing counsel's list; and

    c.    Witness lists.

## X.    COURTROOM PROCEDURES

A.    **Hours**.  Court will normally convene at 9:00 a.m. and adjourn at 5:00 p.m., recessing for lunch between 12:00 p.m. and 1:15  p.m., with a brief recess mid-morning and mid-afternoon.  The Court's hours during trial may vary depending upon the type of case and the needs of the parties, counsel and the Court.

B.    **Telephones**.   Telephone messages for counsel will **NOT** be taken by the Judge's staff and counsel shall refrain from requesting use of telephones in chambers.

C.    **Filing of Documents**.  Documents submitted for filing during the  course of a trial will be submitted to the Case Manager  **in duplicate**.

D.    **Decorum**:

1.    Counsel and parties will comply with Appendix C of the Local Rules regarding courtroom behavior.  These procedures are **STRICTLY ENFORCED**.

2.    Counsel will ensure that his/her parties and witnesses refrain  from eating, chewing gum, or reading newspapers, books, etc. in the courtroom.  Cellular phones, beepers and pagers are to be turned **OFF** prior to entering the courtroom.  No phone or recorder of any kind shall be used in the courtroom for any purposes without prior permission of the Court.

3.    Counsel shall stand when addressing the Court, and when the Court addresses counsel.  Counsel shall use a lectern positioned appropriately to make oral argument and to question witnesses unless otherwise advised by the Court.

E.    **Witnesses**:

    1.    Counsel are responsible for summoning witnesses into the courtroom and instructing them on courtroom decorum.  Witnesses will be examined by the attorney from the lectern.  Permission to approach a witness must first be obtained from the Court.

    2.    Counsel shall make every effort to elicit from the witnesses only  information relevant to the issues in the case and avoid cumulative  testimony.

    3.    Counsel should bear in mind the Court's hours and arrange for witnesses accordingly.  The Court will not recess to permit counsel to call a missing witness unless he/she has been subpoenaed and has failed to appear.

    4.    With regard to **expert witnesses**, counsel are expected to notify them well in advance of trial so that depositions may be taken if they will not be available. Qualification of expert witnesses shall be by stipulation where and when possible. Any dispute over substantive matters shall be brought to the Court's attention well in advance of trial.

F.    **Seating**.    The Court follows the traditional rule in this district that the plaintiff or party with the burden of proof is given preference with regard to the seating closest to the jury box on the first day of trial, unless otherwise instructed.

G.    **Jury Matters**:

    1.    While the jury is deliberating, counsel are to remain near the courtroom to be immediately available for jury notes or a verdict, unless given permission to leave by the Court.

    2.    After the jury is excused, counsel may **NOT** contact jurors unless permitted to do so by the Court.  *See* S.D. Tex. Local R. 47.

H.    **Jury Voir Dire**.  The Court will generally conduct the voir dire examination of the jury panel.  Following the Court's examination, each side may be allowed to briefly examine the jury panel concerning special issues peculiar to the case.

I.    **Exhibits**:

    1.    All exhibits must be **pre-marked** and exchanged among counsel **prior** to  trial. The offering party will mark his own exhibits **including** the case number on each document to be offered.

    2.    All exhibits will be OFFERED and ADMITTED into evidence as the FIRST ITEM OF BUSINESS at trial where no objection is lodged at least three (3) days before trial.  *See* applicable Local Rule; *see also supra* Section IX(B)(3)(b).

    3.    Counsel will not distribute exhibits to the jury during trial.  All exhibits  admitted during trial will go to the jury during its deliberations.

4.   Counsel is required to provide the Court with the original and one copy of the exhibits on the day of trial in properly tabbed notebook form.

5.   Counsel should become familiar with the Local Rules regarding disposition of exhibits following trial.  At the conclusion of trial, each attorney shall withdraw his/her exhibits and maintain them for safekeeping in the event of an appeal.  The Case Manager will provide a form for the attorneys to certify that they have withdrawn the exhibits.

J.   **Depositions**:

1.   If a portion of any deposition is to be read, counsel will designate such  by citing pages and lines as required by the Joint Pretrial Order.  Opposing counsel will file objections to such portions (citing pages and lines) with supporting authority in advance of trial.  The Court will rule on the objections as soon as possible.  Use of video depositions is permitted when counsel edits the video and resolves objections.

2.   In the event of a **bench trial**, the portions of the deposition offered shall not be read but simply offered as exhibits for admission.

K.   **Equipment**:

1.   Counsel shall, in advance of trial, contact the Case Manager concerning use of the Court's equipment.

2.   Easels, not writing pads, are available for use in the courtroom.

## XI.   SETTLEMENTS AND ORDERS OF DISMISSAL

A.   **Settlements**:

1.   Upon the settlement of any case set for conference, hearing or trial, it shall be the duty of counsel and/or the *pro se* litigant to notify the Case Manager **immediately in writing** or **by e-mail at cynthia_horace@txs.uscourts.gov.**

2.   The parties' announcement of settlement must be followed by a motion for dismissal within thirty (30) days.  Upon receipt of the parties' written settlement announcement, the Court will enter a 90-day conditional Order of Dismissal, which permits a party to move to reopen the case if final settlement cannot be completed within the allotted time.

3.   Upon settlement of a suit involving a minor, counsel will jointly move for appointment of a **guardian *ad litem*** where there is a potential conflict of interest between the parent(s) and the minor.

a.   The parties may agree upon a **guardian *ad litem***.  Otherwise, the Court will make the appointment.  Counsel is permitted to submit the names of qualified attorneys they propose for the appointment.

b.   Contemporaneous with the motion for appointment, counsel will notify the Case Manager by letter requesting a settlement conference.

c.      Prior to the conference, counsel will furnish to the Court a copy of the proposed final judgment and any additional information that counsel determines to be helpful in approving the settlement.  Any motion by the **guardian *ad litem*** requesting that funds be placed in the registry of the Court must be filed prior to the conference and approved by the Finance Section of the Clerk's Office.

d.      All counsel and relevant acting parties must attend the conference unless excused for good cause shown.

B.    **Orders of Dismissal**.  Any defendant upon whom service has not been perfected within 120 days after the complaint is filed may be dismissed in accordance with Fed. R. Civ. P. 4(m).

**OFFICE OF THE CLERK**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

For Information Related to the Following Contact:

Admission of Attorneys. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 713 250-5500

Appeals. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 713 250-5500

Bail Bonds, Disbursement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 713 250-5546

Bill of Costs. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 713 250-5500

Civil Case Information.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 713 250-5500

Clerical Assistants to U.S. Magistrate Judges
        Magistrate George Hanks, Jr.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 713 250-5406
        Magistrate Nancy Johnson. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 713 250-5703
        Magistrate Frances Stacy. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 713 250-5565
        Magistrate Mary Milloy. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 713 250-5158
        Magistrate Stephen Smith.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 713 250-5148

Copy Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 713 250-5500

Court Reporters. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 713 250-2120

Case Managers to U.S. District Judges
        Judge Lynn N. Hughes. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 713 250-5516
        Judge Kenneth M. Hoyt. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 713 250-5515
        Judge Sim Lake.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 713 250-5514
        Judge Melinda Harmon.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 713 250-5518
        Judge Lee H. Rosenthal. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 713 250-5517
        Judge Vanessa Gilmore. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 713 250-5512
        Judge Nancy Atlas. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 713 250-5407
        Judge Keith Ellison . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 713 250-5181
        Judge Gray Miller . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 713 250-5129
        Judge David Hittner. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 713 250-5511
        Judge Ewing Werlein. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 713 250-5533
        Judge John D. Rainey.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 361 788-5009

Criminal Cases (Open & Closed). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 713 250-5500

Financial Section. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 713 250-5875

Interpreters.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 713 250-5667

Jury.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 713 250-5500

Local Rules. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 713 250-5500

Magistrates (See Clerical Assistants)

## DIRECTORY CONTINUED

Monition.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 713 250-5500

Naturalization.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 713 250-5500

Prisoner Related Cases.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 713 250-5402

Registry Funds. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 713 250-5875

Service of Papers. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 713 250-5500

Statistical Information. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 713 250-5500

Summons. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 713 250-5500

Transcripts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 713 250-5499

Warrant of Seizure. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 713 250-5500

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| _____, | § |
| | § |
| Plaintiff(s), | § |
| | § |
| v. | §   CIVIL ACTION NO. H-_____ |
| | § |
| _____, | § |
| | § |
| Defendant(s). | § |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(f)**
**FEDERAL RULES OF CIVIL PROCEDURE**

Please restate each instruction before furnishing the applicable information.

1.   State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

2.   List the cases related to this one that are pending in any state or federal court with the case number and court.

3.   <u>Briefly</u> describe what this case is about.

4.   Specify the allegation of federal jurisdiction.

5.   Name the parties who disagree and the reasons.

6.   List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

7.   List anticipated interventions.

8.   Describe class-action issues.

9.   State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.

10.   Describe the proposed agreed discovery plan, including:

    A.   Responses to all the matters raised in Rule 26(f), including any agreements and disputes concerning electronic discovery;

    B.   When and to whom the plaintiff anticipates it may send interrogatories;

C.     When and to whom the defendant anticipates it may send interrogatories;

D.     Of whom and by when the plaintiff anticipates taking oral depositions;

E.     Of whom and by when the defendant anticipates taking oral depositions;

F.     When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

G.     List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  *See* Rule 26(a)(2)(B) (expert report).

H.     List expert depositions the opposing party anticipates taking and their anticipated completion date.  *See* Rule 26(a)(2)(B) (expert report).

11.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

12.    Specify the discovery beyond initial disclosures that has been undertaken to date.

13.    State the date the planned discovery can reasonably be completed.

14.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

15.    Describe what each party has done or agreed to do to bring about a prompt resolution.

16.    From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

17.    Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.

18.    State whether a jury demand has been made and if it was made on time.

19.    Specify the number of hours it will take to present the evidence in this case.

20.    List pending motions that could be ruled on at the initial pretrial and scheduling conference.

21.    List other motions pending.

22.    Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

23.    Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

24.    List the names, bar numbers, addresses and telephone numbers of all counsel.


_____     _____
Counsel for Plaintiff(s)                                 Date


_____     _____
Counsel for Defendant(s)                               Date

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

_____,          §
                                            §
            Plaintiff(s),                   §
                                            §
v.                                          §     CIVIL ACTION NO. H-_____
                                            §
_____,          §
                                            §
            Defendant(s).                   §

## JOINT PRETRIAL ORDER

1.   **Appearance of Counsel**.  List each party, its counsel, and counsel's address and telephone number in separate paragraphs.

2.   **Statement of the Case**.  Give a brief statement of the case, one that the judge could read to the jury panel for an introduction to the facts and parties; include names, dates, and places.

3.   **Jurisdiction**.  Briefly specify the jurisdiction of the subject matter and the parties.  If there is an unresolved jurisdictional question, state it.

4.   **The Parties' Contentions**.  Concisely state in separate paragraphs the contentions that are necessary to the relief sought in the case.  Only those contentions that are an essential basis for resolving the case are necessary.

5.   **Exhibits**.  On a form similar to the one provided by the Clerk, each party will attach two lists of all exhibits expected to be offered and make the exhibits available for examination by opposing counsel.  All documentary exhibits must be exchanged before trial, except for rebuttal exhibits.

6.   **Witnesses**.  List the names and addresses of all witnesses who may be called, separately identifying those witnesses whom the party expects to present and those whom the party may call if the need arises.  Include a brief statement of the nature of their testimony.  If a witness is to appear by deposition, cite the inclusive pages and lines to be read.  With regard to expert witnesses, a brief statement of the nature of their testimony and their qualifications is required.

7.   **Trial**. State probable length of trial and logistical problems, including availability of witnesses, out-of-state people, bulky exhibits, and demonstrations.

8.    **Additional Required Attachments**.  Each Pretrial Order should also include the following additional attachments (*See also* Section IX):

    a.    For jury trials include:

        (1)    Proposed questions for voir dire examination.

        (2)    Proposed jury charge, including instructions, definitions and special interrogatories with authority.

    b.    For non-jury trials include:

        (1)    Proposed findings of fact and conclusions of law.

        (2)    Memorandum of law.

Date:   _____                    _____

                                                      Kenneth M. Hoyt
                                      United States District Judge

**APPROVED:**

_____                    _____
Attorney-in-Charge, Plaintiff                                         Date

_____                    _____
Attorney-in-Charge, Defendant                                      Date

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| _____, | § | |
| | § | |
| Plaintiff(s), | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-_____ |
| | § | |
| _____, | § | |
| | § | |
| Defendant(s). | § | |

**<u>CERTIFICATE OF SERVICE IN REMOVED ACTION</u>**

I certify compliance with the Court's Procedures.

On _____, 20\_\_, I served copies of the Order for Conference and

Court Procedures' Cover Sheet on all other parties.

Date:  _____          _____

Attorney for Defendant(s)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| _____ | § | _____ |
|  | § | CA/CR NO. |
| _____ | § |  |
|  | § | **KENNETH M. HOYT** |
| vs. | § | Judge |
|  | § |  |
| _____ | § | C. Horace _____ |
|  | § | Case Manager        Court Reporter |
|  | § |  |
| _____ | § | _____ |
|  |  | Proceeding |

**EXHIBIT LIST OF _____**

| No. | Description | Offr | Obj. | Admit | N/Adm |
|-----|-------------|------|------|-------|-------|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**EXHIBIT LIST OF** _____   **CA/CR NO.** _____   Page No. _____

| No. | Description | Offr | Obj. | Admit | N/Adm |
|-----|-------------|------|------|-------|-------|
|     |             |      |      |       |       |
|     |             |      |      |       |       |
|     |             |      |      |       |       |
|     |             |      |      |       |       |
|     |             |      |      |       |       |
|     |             |      |      |       |       |
|     |             |      |      |       |       |
|     |             |      |      |       |       |
|     |             |      |      |       |       |
|     |             |      |      |       |       |
|     |             |      |      |       |       |
|     |             |      |      |       |       |
|     |             |      |      |       |       |
|     |             |      |      |       |       |
|     |             |      |      |       |       |
|     |             |      |      |       |       |
|     |             |      |      |       |       |
|     |             |      |      |       |       |
|     |             |      |      |       |       |